UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 8:15-cr-199-T-35TBM

GARY ANTONIO BRANCH

### ORDER

**THIS CAUSE** is before the Court on the Emergency Motion for Compassionate Release filed by Defendant Gary Branch ("Branch"), wherein he requests that his sentence be reduced to time-served or, alternatively, that he be released to home confinement rather than a residential re-entry center to serve out the remaining six months of his prison sentence. (Dkt. 293) Due to the time sensitive nature of the motion, the Court directed the Government to file an expedited response to the motion by 5:00 p.m. on July 31, 2020. (Dkt. 294) In response, the Government advises that while it does not oppose the motion generally, it objects to a time-served sentence and suggests that Branch should be released to home confinement to finish his sentence and then start his supervised release term. (Dkt. 295)

On September 9, 2015, Branch pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii). (Dkt. 71)

On February 25, 2016, after considering the Government's 5K motion, the Court sentenced Branch to 46 months in prison, to be followed by a 60-month term of supervised release, and 33 months in prison, with no further supervised release, in Case No. 8:14-cr-82-T-35, with the sentences running consecutively to the other for a total of

79 months in prison. (Dkt. 198; Dkt. 127 in Case No. 8:14-cr-82-T-35) Branch is currently incarcerated in FCI Miami, with a projected release date of January 29, 2021. (Dkt. 295 at 2–3)

Branch seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) which permits a district court to reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, the defendant must have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to grant his requested relief or he must show a the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility with no action having been taken on the request. Id. § 3582(c)(1)(A).

In his Emergency Motion, Branch indicates that he is due to be released to a residential re-entry center ("RRC") in Hillsborough County on August 4, 2020, to serve out the remainder of his prison sentence. (Dkt. 293) After his first motion for compassionate release was denied for failure to exhaust administrative remedies, (Dkt. 292), Branch states that he contacted the Warden in Miami on June 9, 2020 asking for compassionate release or on to be placed on home confinement on August 4, 2020 rather than the RRC and 30 days have lapsed with no response from the Warden. (Dkt. 293) The Government did not verify this claim but states that there does not appear to be any reason to doubt Branch's assertion. (Dkt. 295 at 4) As such, it appears that Branch has satisfied the condition of 18 U.S.C. § 3582(c)(1)(A)(i).

Branch contends that the RRC to which he is to be released on August 4, 2020 has "five inmates who (have) tested positive for Covid-19" and that he is "especially

vulnerable to the threat of Covid-19" due to his health conditions of "diabetes" and "Bell's Palsy", high blood pressure, and high cholesterol.[1]  (Dkt. 293) Branch states that while he has been unable to obtain his official medical records due to the large number of Covid-19 cases at his current facility, he attaches prescription evidence to his Motion which supports his claimed health conditions. (Id.) Branch further contends that the Covid-19 guidelines are "impossible to follow at a halfway house, where there [are] 6 beds to a room," and that being released to that facility will not provide adequate safety measures given his underlying health conditions. (Id.) Branch advises that his residence in Manatee County is a 5 bedroom, 2,200 plus square foot home where he would reside with his wife and children. (Id.)

The Government concedes that at least one of Branch's medical conditions and his advanced age put him at a heightened health risk of serious complications from Covid-19. Specifically, the Government states that "since Branch is a diabetic and over the age of 40 (he is 42), it appears that he is at an increased risk of either experiencing serious complications or death if he contracts Covid-19. Consequently, his health condition can be deemed an extraordinary and compelling reason to grant his motion." (Dkt. 295 at 5)

In light of the foregoing, the Court finds that Branch has met his burden of establishing that extraordinary and compelling reasons justify compassionate release. Moreover, the Court finds that the applicable section 3553(a) factors and the dangers

---

[1] On March 13, 2020, the President of the United States declared a national emergency due to the evolving threat represented by the outbreak and spread of Covid-19 in the United States. *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, whitehouse.gov (March 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/. As of August 2, 2020, the Center for Disease Control and Prevention ("CDC") reported 4,601,526 total cases of Covid-19 and 154,002 deaths resulting from the virus. *Cases in the US*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated August 2, 2020).

posed to the public weigh in favor of compassionate release in this case, in light of the fact that Branch is due to be transferred to a halfway house on August 4, 2020 and has served approximately 90% of his sentence. As such, Branch's Emergency Motion is due to be granted.

As noted above, the Government opposes a sentence of time-served, and suggests that Branch should be released to home confinement to finish his sentence and then start his supervised release term. (Dkt. 295) Branch also acknowledges home confinement as an alternative to a time-served sentence. (Dkt. 293)

If a court finds a petitioner has satisfied the requirements for compassionate release, including the mandatory exhaustion requirements of § 3582(c)(1)(A), and grants a sentence reduction, the court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

> In imposing a term of supervised release, the court may impose a period of home confinement as a condition, provided the court finds home confinement is a substitute for imprisonment. As a substitute for imprisonment, this supervised release term substitutes only for the term of imprisonment, to be followed by the original term of supervised release imposed at sentencing. Alternatively, upon finding a petitioner has satisfied the compassionate release statute, including the mandatory exhaustion requirements of § 3582(c)(1)(A), the court may consider reducing the petitioner's term of imprisonment to time-served and modifying the existing term of supervised release to add a period of home confinement.

United States v. Mogan, No. CR 14-040, 2020 WL 2558216, at *3 (E.D. La. May 20, 2020) (internal citations and quotation marks omitted); see also United States v. Gonzalez, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020); United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *6 (S.D.N.Y. Apr. 3, 2020); United States v. Burrill, No. 17-CR-00491-RS-1, 2020 WL 1846788, at *3 (N.D.

Cal. Apr. 10, 2020).

Accordingly, it is **ORDERED** as follows:

1. The Defendant's Emergency Motion for Compassionate Release, (Dkt. 293), is **GRANTED as stated herein**.

2. Defendant Branch's sentence is modified such that his remaining term of imprisonment is replaced by an equal period of home confinement, on such monitoring conditions as Probation deems necessary, to be followed by the term of supervised release previously imposed by the Court. It is further **ORDERED** that Branch be released immediately to begin his term of home confinement. During home confinement, Branch is to remain in his home or on its curtilage except for medical or religious purposes as pre-approved by the Office of Probation. Upon release, Branch shall proceed immediately to his home address, and he shall contact Probation to schedule an appointment. Branch **SHALL** remain self-quarantined for 14 days immediately following his release to home confinement, during which time he is encouraged to isolate from his wife and children within the home to prevent the possibility of infecting them.

**DONE and ORDERED** in Tampa, Florida, this 3rd day of August, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
U.S. Marshal Service
U.S. Probation Office
U.S. Pretrial